IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADNAN OKANOVIC, individually and on behalf of all others similarly situated<br>Plaintiff,<br>vs.<br>ADVANCED DISPOSAL SERVICES NORTH GEORGIA,<br>Defendant. | Civil Action File No.<br><br>Jury Trial Demanded |

# COMPLAINT

Plaintiff Adnan Okanovic, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, brings this Complaint against Advanced Disposal Services North Georgia ("Advanced") as follows:

## INTRODUCTION

1.

Adnan Okanovic—and other similarly situated persons—drove a truck and collected commercial waste during his employment with Defendant. Defendant systematically truncated Okanovic's work hours and pay by manipulating its payroll system to Okanovic's detriment. Defendant also failed to pay Okanovic—and other similarly situated persons—a premium for overtime hours worked as required by the FLSA.

2.

Plaintiff asks this Court to certify a collective of similarly situated individuals, to wit, all drivers who have worked for Advanced within three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

3.

Plaintiff's Consent to Serve as a class representative in this FLSA action is attached as Exhibit "A".

4.

Plaintiff seeks to pursue this matter as a collective action because all other Advanced drivers were treated in a similar manner with respect to their compensation in violation of the FLSA.

**JURISDICTION AND VENUE**

5.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Advanced's principal place of business is located in this

judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

7.

Plaintiff Okanovic resides in Forsyth County, Georgia.

8.

At all times material hereto, Defendant Advanced has operated a waste disposal business whose principal place of business is located at 80880 Old Federal Road, Ball Ground, GA 30107.

9.

Advanced is a foreign corporation existing and organized under the laws of the State of Delaware.

10.

Advanced can be served via its registered agent Corporation Process Company at 2180 Satellite Boulevard, Duluth, Georgia 30097.

11.

Advanced is subject to the personal jurisdiction of this Court.

## INDIVIDUAL COVERAGE

12.

At all times material hereto, Plaintiff Okanovic has been "engaged in commerce" as an employee of Advanced as defined in the FLSA, 29 U.S.C. § 207(a)(1).

## ENTERPRISE COVERAGE

13.

Advanced provides collection, transfer, disposal and recycling operations to more than 200,000 commercial customers and 2.8 million residential customers throughout Alabama, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, North Carolina, Pennsylvania, South Carolina, Tennessee, Vermont, Wisconsin and the Bahamas.

14.

As an enterprise, Advanced has approximately 5,400 employees.

15.

As an enterprise, Advanced has more than 3,100 trucks running routes daily.

16.

At all times material hereto, Advanced has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

17.

During 2012, Advanced had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2013, Advanced had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2014 Advanced had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2015, Advanced had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, Advanced had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, Advanced had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2014, Advanced had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2015, Advanced had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

25.

Specifically, at all times material hereto, Advanced had two or more employees who regularly drove trucks for the purpose of providing waste disposal services thereby allowing the free flow of commerce.

26.

During 2012, Advanced had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2013, Advanced had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2014, Advanced had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2015, Advanced had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

At all times material hereto, Advanced has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, 29 U.S.C. § 203(s)(1).

### STATUTORY EMPLOYER ALLEGATIONS

31.

Okanovic worked for Advanced as a driver and waste collector from approximately September 2008 through September 2015.

32.

At all times material hereto, the work performed by Plaintiff was integral to Advanced's business purpose (*i.e.*, a waste disposal company).

33.

At all times material hereto, Advanced was an "employer" of Okanovic as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

34.

At all times material hereto, Okanovic was an "employee" of Advanced as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### FACTUAL ALLEGATIONS

35.

At all times material hereto, Okanovic was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

36.

At all times material hereto, Advanced did not employ Okanovic in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, Advanced did not employ Okanovic in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

38.

At all times material hereto, Advanced did not employ Okanovic in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

39.

At all times material hereto, Advanced did not employ Okanovic in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

40.

While driving for Advanced, Okanovic picked up commercial waste that he transported to a landfill.

41.

While driving for Advanced, Okanovic did not transport recyclable materials.

42.

While driving for Advanced in the three years prior to the filing of this Complaint, Okanovic's work duties did not take him outside the state of Georgia.

43.

While driving for Advanced in the three years prior to the filing of this Complaint, Okanovic did not reasonably understand his work duties would take him outside of the state of Georgia.

44.

At all times material hereto, Okanovic was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption, 29 U.S.C. § 213(b).

45.

At all times material hereto, Okanovic's work—and the work of the class for which he seeks to represent—for Advanced did not involve interstate commerce as defined by the Motor Carrier Act, 49 U.S.C.A. § 10521.

46.

At all times material hereto, Okanovic did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

47.

At all times material hereto, Okanovic and all other Advanced drivers worked schedules of alternating on and off days, with shifts lasting in excess of 12 hours each day worked.

48.

Plaintiff and all other Advanced drivers typically and routinely worked in excess of 40 hours per week.

49.

At all times material hereto, Defendants compensated Plaintiff and all other Advanced drivers based on a formula that included pay for work completed and an hourly rate.

50.

At all times material hereto, Advanced regularly truncated the number of hours worked each week by Okanovic and the other drivers by manipulating its time keeping system to reflect less hours worked than were actually worked.

51.

At all times material hereto, Advanced willfully truncated the number of recorded hours worked each week by Okanovic and the other drivers to reflect less work hours than were actually worked.

52.

At all times material hereto, Advanced failed to pay Okanovic and all other drivers one-and-one-half times their regular hourly rate for each hour worked in excess of 40 in each workweek.

53.

At all times material hereto, Advanced willfully failed to pay Okanovic and all other drivers one-and-one-half times their regular hourly rate for each hour worked in excess of 40 in each workweek.

**COUNT I — FAILURE TO PAY OVERTIME PURSUANT TO 29 U.S.C. § 207**

54.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

55.

At all times material hereto, Plaintiff was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

56.

While employed by Advanced, Okanovic regularly worked in excess of 40 hours each week.

57.

Advanced failed to pay Okanovic at one-and-one-half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

58.

Advanced willfully failed to pay Okanovic at one and one half times his regular rate for work in excess of 40 hours in any week during the entire period of his employment.

59.

Okanovic is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

60.

As a result of the underpayment of overtime compensation as alleged above, Okanovic is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

61.

As a result of the underpayment of overtime compensation as alleged above, Okanovic is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – COLLECTIVE ACTION ALLEGATIONS – FAILURE TO PAY OVERTIME PURSUANT TO 29 U.S.C. § 207

62.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

63.

At all times during the three years prior to the filing of this Complaint, Advanced violated 29 U.S.C. § 207 by failing to pay overtime wages to drivers employed by Advanced.

64.

At all times during the three years prior to the filing of this Complaint, Advanced violated 29 U.S.C. § 207 by failing to pay overtime wages to all drivers employed by Advanced in the same manner as alleged above with respect to Okanovic.

65.

At all times during the three years prior to the filing of this Complaint, Advanced willfully failed to pay overtime wages to all drivers employed by Advanced in the same manner as alleged above with respect to Okanovic.

66.

All drivers who have worked for Advanced within the three years prior to the filing of this action are "similarly situated" within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

67.

Advanced is liable pursuant to 29 U.S.C. § 201 et seq. to all individuals similarly situated to Okanovic for unpaid overtime wages, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

68.

The proposed collective of individuals similarly situated to Okanovic should be defined as "All individuals who have worked as drivers for Advanced Disposal Service North Georgia since October 15, 2012 through the present."

69.

All such individuals similarly situated to Okanovic would benefit from the issuance of a Court supervised Notice of Present FLSA Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

70.

All such individuals similarly situated to Okanovic are known to Advanced, are readily identifiable, and can be located through the records of Advanced.

WHEREFORE, Plaintiff respectfully prays that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216(b) for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding each of the Defendant to be an "employer" as that term is defined under the FLSA;

(d) Issue an Order holding Defendant to be an "enterprise" as that term is defined in 29 U.S.C. § 203(r)(1);

(e) Grant a trial by jury as to all matters properly triable to a jury;

(f) Issue a judgment declaring that Plaintiff and the class he represents were covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(g) Award Plaintiff proper payment for each hour worked from October 20, 2012 through the date judgment is entered, calculated at one and one

    half times the regular hourly rate for all hours worked in excess of forty in any given workweek and liquidated damages equaling 100% of the overtime wages due to Plaintiff, as required by the FLSA;

(h) Award each member of the class Plaintiff represents proper payment for each hour worked from three years preceding the date of each class member's joining of this collective action, calculated at one and one half times the regular hourly rate of that opt-in plaintiff for all hours worked in excess of forty in any given workweek and liquidated damages equaling 100% of the overtime wages due to each opt-in plaintiff, as required by the FLSA;

(i) Award Plaintiff and each member of the class he represents, prejudgment interest on all amounts owed;

(j) Award Plaintiff and each member of the class he represents, nominal damages;

(k) Award Plaintiff and each member of the class he represents, their reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

(l) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

                                            **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

| | |
|---|---|
| 3100 Centennial Tower | */s/ Kevin D. Fitzpatrick, Jr.* |
| 101 Marietta Street | Kevin D. Fitzpatrick, Jr. |
| Atlanta, Georgia 30303 | Ga. Bar No. 262375 |
| (404) 979-3150 | |
| (404) 979-3170 (f) | *s/Charles R. Bridgers* |
| kevin.fitzpatrick@dcbflegal.com | Charles R. Bridgers |
| charlesbridgers@dcbflegal.com | Ga. Bar No. 080791 |
| | |
| | Counsel for Plaintiff |